UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Clifton C. Callahan, | Case No. 3:15 CV 1404 |
| Plaintiff, | JUDGE JAMES G. CARR |
| v. | |
| Hannah Godsey, *et al.*, | OPINION AND ORDER |
| Defendants. | |

*Pro se* plaintiff Clifton C. Callahan, a state prisoner, filed this civil rights action against prison officials and medical staff.[1] The Court has granted the plaintiff leave to proceed *in forma pauperis*. For the following reasons, his action is dismissed in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A.

**Allegations**

The plaintiff's complaint, fairly summarized, alleges he has received inadequate medical care as a prisoner in the Toledo Correctional Institution.

He alleges he described stomach and gas pain to Doctors Cochran and Mantuefel in 2015. He was examined by these doctors, diagnosed for possible problems, and prescribed medications and lab tests. He was also sent to a hospital in Toledo, where he was examined and given tests, including a "colonoscopic check." (Doc. No. 1 at 8.) He received follow-up care from Dr. Mantuefel, who prescribed him a laxative, "a capsule pill called benzell," and pain medication. (*Id.*)

---

[1]Named as defendants are: "Administrator of Medical" Hannah Godsey; Drs. Mantuefel, Cochran, and Pine; Nurses Reese, Reissig, Ortega, Shoemaker, Miller, Gilbert, and Henderson; "Inspector Brown"; and Warden John Coleman.

The plaintiff alleges that despite this care, his symptoms did not improve but instead "got worse." (*Id*.) He alleges he reported to prison medical staff that he was also suffering from dizziness and an unbalanced feeling. He was examined by Drs. Pine and Cochran for this problem as well, and he was sent to a specialist. An E.N.T. who examined him he did not seen anything in his nasal passages. He was also apparently told that nothing wrong was found in connection with his stomach/colon tests.

Although his allegations in this regard are unclear, he appears to allege that he filed grievances, which were denied, regarding his medical care.

The plaintiff alleges that his multiple doctor appointments and trips to specialists have gotten him "no[where] as far as feeling better" (*Id*. at 7) and that he still suffers from ringing in his ears, dizziness, feeling off balance, and gas. He seeks monetary damages, alleging that "nothing like this is a normal feeling that I'm having and I feel its worth every bit of 250,000 dollars." (*Id*. at 11.)

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v.MacDougall*, 454 U.S. 364, 365, (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required under 28 U.S.C. §§ 1915(e)(2) and 1915A to screen and dismiss before service any *in forma pauperis* action, and any action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). To state a claim on which relief may be granted, a complaint must set forth sufficient factual matter accepted

as true to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 470-71 (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) govern dismissals under §§ 1915(e)(2)(B) and 1915A).

The plaintiff has not alleged a specific claim or cause of action. I construe his complaint as alleging a violation of the Eighth Amendment, which forbids prison officials from acting with "deliberate indifference" toward an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn by Parks v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994).

To state a deliberate indifference claim, a prisoner must demonstrate both objective and subjective components. He must demonstrate that his medical condition posed a "substantial risk of serious harm" to him, and that the defendant acted with deliberate indifference to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

"Deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). "Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk. *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010).

Further, in the medical context, the Supreme Court has emphasized that "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton

infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Reilly*, 680 F.3d at 624, citing *Estelle*, 429 U.S. at 105–06. Accordingly, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id*. In addition, a prisoner's disagreement with the testing and treatment he receives does not rise to the level of a constitutional violation. *Dodson v. Wilkinson*, 304 Fed. App'x 434, 440 (6th Cir. 2008); *Ward v. Smith*, 100 F.3d 958, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) ("differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim").

Even indulgently construed, the plaintiff's complaint fails to allege a plausible deliberate indifference claim against any defendant. The plaintiff's allegations clearly indicate he received medical care and treatment for his asserted complaints of stomach pain and dizziness. In regard to his complaints, he was examined by prison doctors, diagnosed for possible problems, prescribed medications and tests, and referred to specialists. Although the plaintiff contends his care is inadequate, apparently because he is still in discomfort, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 527 F.2d 857, 860 n. 5 (6th Cir. 1976).

The plaintiff's allegations at the most suggest he disagrees with or is dissatisfied with the medical care he has received. But even if his care could be characterized as negligent, or to constitute medical malpractice under state tort law in some respect, his allegations are insufficient to demonstrate that any prison doctor, or any other defendant in the case, was "deliberately indifferent" to his medical needs within the meaning of the Eighth Amendment.

**Conclusion**

Accordingly, this action is dismissed for failure to state a claim on which relief may be granted in accordance with 28 U.S.C. §§1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge
